UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gonzalo Roberto Yasaca Arellano

v.                                                          Civil No. 1:26-cv-563-SE

Strafford County
Department of Corrections,
Superintendent, et al.

O R D E R

Gonzalo Roberto Yasaca Arellano filed a petition for a writ of habeas corpus on July 9, 2026, contesting his detention and requesting, inter alia, a bond hearing. Doc. no. 1. The court thereafter acknowledged the petitioner's apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). Doc. no. 4. The court ordered the respondents to respond on or before July 17, 2026. Id.

The respondents filed their response to the petition on July 16, 2026, wherein they maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by reference the legal arguments made on behalf of the respondents in certain prior cases, and object to the court granting relief to the petitioner. Doc. no. 7. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case. The response further concedes that the petitioner appears to be a member of the Guerrero Orellana class.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the court is bound by the class-wide relief issued in Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The petitioner's request that this court order his immediate release is denied without prejudice, as the court finds that ordering a bond hearing before an IJ as soon as practicable is sufficient to protect the petitioner's due process rights at this stage. The respondents shall file a status report within seven days, on or before July 27, 2026.

      SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

July 20, 2026

cc:    Counsel of record.